Good morning ladies and gentlemen. Our first case for argument this morning is Runnion against the Girl Scouts. Mr. Blonder. Good morning. May it please the court. My name is Stephen Blonder. Together with Equipped for Equality, the National Association of the Deaf, we represent appellant Megan Runnion. We're here before this court today asking that Ms. Runnion have her day in court. The Justice Department, the agency charged with interpreting the Rehabilitation Act, which is the subject of this dispute, agrees that Ms. Runnion should have a day in court. The district court improperly did not dismiss Ms. Runnion's complaint and denied her leave to file a proposed amended complaint which laid out that the Girl Scouts are primarily a social and educational institution which receives federal funding, which thereby submits them under the Let's begin with just a couple relevant facts. Ms. Runnion was 12 years old at the time the complaint was filed. Today she's 14. She has always been a Girl Scout. For five years the Girl Scouts provided interpreter services for her. Those communicative services allowed her to fully participate in all the Girl Scouts activities and become a functioning member of a community. Summarily the Girl Scouts changed their policy and said no more interpreter services. That's what brought Megan Runnion to this court. She filed an initial complaint in which she raised issues about the Girl Scouts in this treatment under section 504 of the Rehabilitation Act. The district court granted a motion to dismiss which raised the issue of do the Girl Scouts receive federal funding as a whole. That was the issue framed in the motion to dismiss. In their reply brief on the motion to dismiss for the first time they raised issues with respect to an educational or social organization. The district court granted us leave to file a surreply to address those and then dismiss the case. You've taken judicial notice that the Girl Scouts are about cookie sales and that cookie sales in and of themselves are certainly not a social service. The district court also found that there was a private as a private organization the Girl Scouts were not subject to the ADA. Mr. Blondo let me ask you a couple of procedural questions if I could and maybe it's just my confusion about this but after that decision you filed a rule 59e motion. That's correct. And I know the piece of paper that the district court entered was called a judgment but it certainly wasn't a final judgment and I'm because based on our reading of that judgment and the word judgment there and as we looked at applicable case law we believe that rule 59 was the appropriate way for us to proceed. You didn't think that you had an appealable judgment at that point did you? Well we thought that we had the choice of either appealing up to this court or seeking to amend. That was the way we understood and interpreted the judgment that was entered by the district court. And we're talking about the October 26th 2012 first ruling on the motion. That's correct your honor. Yeah I'm not sure why a separate piece of paper was issued there because that was not a judgment and that confusion either I'm confused or there's a lot of other folks confused in this wound up resonating with for example the district judges later application of the more stringent rule 59e standard for your efforts to correct those problems. That's correct. Which I don't think apply at all. I think it's a 15a2 problem. Let me ask you do any of the issues in this appeal as far as you can tell involve subject matter jurisdiction? They don't however the motion that was filed by the Girl Scouts. You're right they don't. Okay none of them. Let me ask you also I mean we've got this this problem we know that rule 15 was amended. The amendment coincided rather closely with Iqbal which only adds to the potential hazards here. But why didn't you try to just beef up your complaint some in response to the motion to dismiss? Well first of all the original motion to dismiss simply raised the issue of funding as a whole. It didn't raise the other issues until the reply brief. Well it all you had said in your initial complaint was simply there are federally fine they're federally funded they qualify under 794 right? Which was a true statement. They didn't see federal funds. Okay but but there wasn't any effort to really kind of lay that to respond or fill that out in my amending. You may or may not have had to I'm just curious as to why you chose to wait. Right we believe that the allegations they received federal funding was sufficient because at that point that triggers jurisdiction under the ADA. Then it became a... Please don't say jurisdiction. We asserted a proper claim under the ADA by alleging they receive federal funding because if they receive federal funding on the whole they fall within the ambit of the statute. I thought we're talking about the Rehabilitation Act. I'm sorry we are. Okay. I misspoke. And you concede I think that your original complaint was deficient as to the scope of coverage of the Rehabilitation Act. The court made that finding yes. And you haven't disputed that appeal. You admit that the  We believe that by pleading that they receive federal funding we fell within the Rehabilitation Act. The district court disagreed which is why we sought leave to amend the judgment under Rule 59 as opposed to Rule 58. I'm asking you your position on appeal. You're not defending the original complaint. I didn't see that anywhere. No we're not. Okay so it was incumbent upon you once you were on notice that the allegations in your original complaint were deficient to either amend within that 21 day window that the amended Rule 15 provides or defend against the motion to dismiss but then kind of take your chances that you're going to be outside the window for an automatic amendment if you lose. Well but the issue that we're now addressing in terms of the automatic amendment wasn't raised till the reply brief was filed 23 days after the motion. That doesn't Rule is what it is and it's your responsibility to comply with it. Right I believe we did comply with the rule. We chose to defend the complaint before Judge Leina Weber. Judge Leina Weber ultimately decided that it didn't state a claim at which point we sought leave to file an appropriate amended complaint which contained a litany of specific details with respect to the basis for a until after this judgment was entered which everybody interpreted apparently as a final judgment. That may or may not have been right. Even though there was no judgment until March 7, 2014. But it's called a judgment. It was called a judgment and that's correct. We chose to defend the complaint before Judge Leina Weber and the rules don't say that you if you choose to defend a complaint you automatically don't have a right to amend. Yes that is exactly what the rule now says. Well you have 21 days from the filing of a motion to dismiss to automatically amend. If you don't do it within that window your automatic right to amend expires and you have to seek leave of court and yes that's liberally granted and so forth but you didn't do that until your Rule 59e motion and you're not contending as far as I understand that that judgment wasn't a judgment even though it may not have been. Right. You don't take that position on it. No we're not taking the position the judgment wasn't a judgment however we weren't on notice with respect to the motion of a pleading problem until 23 days after the motion was filed which is outside of the provision anyway. That doesn't matter you've got 21 days you know regardless of whether you've been put on notice as to all every single deficiency in your complaint once that motion is filed by the defense you've got 21 days to amend otherwise you lose the automatic right and you're in the permissive. That's correct we are in the permissive sphere. And you're not only in the permissive sphere because you combine the motion for leave to amend with the Rule 59e motion and you don't challenge that we're in the domain of apparently you're under a much more stringent standard of review for our purposes and a much more stringent standard for the district courts exercise of discretion. We may be under a more stringent standard of review but we meet that standard of review here. When you take Bouch versus Stryker for example Judge Hamilton's case Judge Easterbrook was on the panel. Counsel it does not matter who wrote the opinion or who was on the panel. Opinions speak for I apologize. In that opinion the district court went so far as I'm sorry the about this court went so far as to say hey parties should be granted leave to amend once that's a case post the amendments to Rule 15 and it doesn't impact both the liberality of pleadings the way it's interpreted and the right to amend once as a matter of course. In writing and I cite to the final paragraph you know the issue the objective of Rule 8 is to cite cases fairly on the merits not to debate finer points of pleading where opponents have fair notice of a claim or defense and they rely on foster in that case. These are all cases under the old rule. Again I notice note the Bouch of the 2010 case. But it applied the old rule. Well the rule you know we also cited for the liberal right to amend. Correct. And we also gave to the court Rainey and other opinions with respect to that issue. I mean here we contend that Judge Leinan Weber erred in not considering the full aspects of the proposed amended complaint. Again whether we look at it under Rule 15a2 or Rule 59 we still meet that minimum standard because the courts required to take a look at the place. I would be futile for us to amend but in doing so he didn't consider the panoply of evidence that we presented including from defendants own website, defendants own documents where they define themselves as an educational institution as an organization providing social services. Even the cookie sales which Judge Wein and Weber took as his basis for his dismissal. The Girl Scouts identifies a financial literacy program which you know provides for girls education. B-School for Girl Scouts? I wouldn't call it preschool for Girl Scouts. No, B-School. B-School, sure. A modified business program for Girl Scouts. Seems implausible but but see a lot of implausible pleadings. But it goes by the way the Girl Scouts define themselves and that's what the issue here. The Girl Scouts have never denied that they provide educational and social services. Right I'm not sure we can get to the merits of any of this though because we've got a civil procedure question here that precludes it or it seems to me it probably precludes it because we're evaluating the sufficiency of the original complaint and a Rule 59e motion for relief from the judgment dismissing that complaint and you don't argue that your original complaint was sufficient. But I don't believe that we need to make that argument now because under Rule 59e the manifest error of law or newly discovered facts and you didn't meet that standard and that's what the court held. Right and we're contending that the court and not permitting us to file the proposed amended complaint. That's afterwards. Well but but but it's important to look at the court's opinion on that because the court allowed us to file an amended complaint but the court restricted it to the issue of on the whole. And you're not challenging that? No we're not challenging that but my point is the court recognized its discretion in permitting the amended complaint by allowing a partial amendment. Right but we don't have that before us. No that we do because we have questioned the court's ruling with respect allowing the partial amended complaint and not allowing the full amended complaint. That's the issue that we've put before this court. So and looking at that way it is squarely before the court and was an issue that we raised below. And and that and again in the district court's opinion in which he allows. Is there some reason why your brief doesn't challenge the district court's initial ruling that the complaint was deficient? No because we were trying to simply focus on the court's denial on the court's denial of us leaving. If you were challenging that ruling none of Judge Sykes's problems would be pertinent. They might not your honor. There are lots of ways to win this case. You seem to have chosen the hardest and perhaps the the ones that don't work. Well again. Maybe you view that as a great intellectual exercise but. No we weren't looking for intellectual gymnastics or mental gymnastics or to make it an educational exercise or educational exercise or even a social service exercise. What we're looking to do is find a way for Megan Runyon to have a day in court. And working with Equip for Equality and National Association National Association for the Deaf we identified this is the way to do it based on Judge Lino Weber's opinion. You've put your eggs in the basket where you've provided the most factual elaboration concerning the educational and social aspects of the Girl Scouts. Let me ask with respect to some of the tactical questions here. The legal questions on the merits are questions of if not first then maybe second or third impression. We're not talking about well-worn trails and the Rehabilitation Act is applied to private organizations like this and I'm wondering whether it might not have been perfectly reasonable to say well let's wait and see what the district court has to say about how much is necessary here and learn some things as opposed to just it's not like fixing an obvious error which can be done and should be very quickly. That's a comment more than a question. I know my time is up. Mr. Blinder we've run you through your time so we'll give you a minute for rebuttal when that time comes. Thank you. Mr. Casey. May please the court. This case is about whether Judge Leinan Weber abused his discretion in not permitting a plaintiff to file an amended complaint. Mr. Casey why did the plaintiff need to file an amended complaint? Because the initial complaint was woefully inadequate. And why was it inadequate? Let me tell you what my problem is. The district court's view seems to have been that the United States federal courts have a system of code pleading in which every complaint has to set out each legal element of the claim and then plead some facts corresponding to that legal element. Is that a fair statement? I don't believe so your honor. Because if you look at the two allegations that tried to establish that the Girl Scouts were under the or subject to section 504 the Rehabilitation Act. There was one factual allegation. Defendants major donors include the state of Illinois Department of Human Services. Yes the complaint did not allege what the district court thought to be a legal element. That is that there may be an educational or social service etc. organization. Or they The reason I'm asking my question is that in 1991 this court expressly rejected that approach to pleading. The cases Bartholet against Reischauer AG which nobody cited. And two months ago the Supreme Court of the United States in a nine-to-nothing decision agreed with Bartholet. And they reversed the Fifth Circuit which had held that a complaint was properly dismissed for failing to put a statement of facts opposite the element. That seems to be a pretty big problem with the district court's approach. It's been deep-sixed by the Supreme Court of the United States. Your honor this complaint if you look at the complaint the factual allegation the only factual allegation to subject the Girl Scouts to section 504 is that defendants major donors include the state of Illinois Department of Human Services the United States Department of Judgments and the city of Chicago through a community block grant. Then there's a legal conclusion that defendant is a recipient of federal financial assistance within the immediate... Yes. And that's it. And we held in Bartholet that that's enough. And the Supreme Court then held in Johnson two months ago that Iqbal and Twombly have not changed that rule. They have not required code pleading in which you have to plead every element and put a statement of facts opposite that element. And I agree with you they don't but... It's good that you agree with the Supreme Court. The question is why that doesn't require a reversal of the district court's decision. Because it does not well number one it wasn't challenged it hasn't been challenged in this court okay so they've waived it that's the first. Well everybody's been working on a under a keep going. The second thing is I do not believe under any of the precedents that this one factual statement is sufficient. They don't say that... Look what the Supreme Court has held is that you have to plead your claim in a way the defendant can understand it. You don't have to plead facts that prove each legal element. The claim here is perfectly comprehensible that the girl scouts and wants a sign language interpreter. That's the understandable claim. It wasn't even necessary under Barthelet and Johnson to mention the Rehabilitation Act. You don't have to say and here's the legal theory under which we win. All you have to do is plead your claim. Was there any doubt in the Girl Scouts mind what this claim was as opposed to what the legal theory under which we can win is? The plaintiff cannot state a claim without tying it to a law. That seems to be your view without pleading law you can't state a claim. You have to. That is contrary to the law of this circuit and more important contrary to the law established by the Supreme Court. You have to plead facts that put you under that law. No you don't. That's the holding of Barthelet and Johnson. You're not in any position to ask us to plead facts that the Supreme Court has agreed with. And I am not going to do that. Mr. Casey, do any of these issues have anything to do with subject matter jurisdiction? Your Honor, you know the way this case set up in this appeal I would say no. Because as an Article III court, this court has the ability to determine whether this falls under the Rehabilitation Act or not. Right. So did the District Court. That's correct. So there's no question of subject matter jurisdiction. That's correct. At all. So you're grounding your motion to dismiss in Rule 12b-1 was a mistake? It was, it was, it was, I believe in hindsight it was probably an error. Mr. Casey, suppose the proposed amended complaint had been the original complaint. In your view would there have been any pleading deficiencies with it? It's a much closer case and based on Mr. Judge Easterbrook's. I'm asking you in terms of your theory, your understanding. It is a pretty close, it is, I mean the pleading standard is fairly low. And so I would say it would probably have met the standard. So it wouldn't have been futile to try to amend the complaint? Well I think overall it would have been futile, but as for purposes of those two things both be true. Well before, it would all have been futile in the entirety of the case because I don't think they'll be able to prove it. But for purposes of 12b-6 probably not. That's my question. Right. Okay. 12b-6. Probably not. All right. So I didn't see you in your briefs trying to defend dismissal of based on futility there. Okay. And I guess on the on on the amendment question, my concern is that your position seems to undermine the instruction in Rule 15a-2. We all agree, I think, that there was no automatic right to amend after the 21-day period had passed from your motion, whatever theories were raised in it. But we've also got 15a-2 telling courts to give leave freely when justice requires. And it sounds like justice would require it if you and the district judge thought the original complaint was insufficient, but the proposed amendment complaint was sufficient. I don't believe so because that then completely ignores and undercuts the amendments to 15a-1b. And why do you think 59e applies here? Well based upon, and I was looking through the, at least the appendix, but there is another piece of paper out there that evidently didn't get in here that did say final judgment and it said case closed. And I don't know whether we have it here. Dated when? On the docket. Dated when? I didn't see, it's dated on that October one, but it's not in the, it's not attached. In the October decision. Saying case closed? It said case, and the docket sheet says case closed. Believe it or not, that's what it says. But we haven't been provided. I don't, it doesn't appear to be because I was looking through his, during Mr. Blonder's argument. I did want to address one point that Mr. Blonder. Why didn't you provide that? The jurisdictional statement in the appellant's brief says that the final judgment then. There, there can't be more than one final judgment in a case unless we have a completely new meaning of the word final. There can be only one final judgment. So if in your view the date of the final judgment was something other than March 2014, why didn't you alert us and provide the document? No. The, the date of, because the judge granted their motion to alter and amend the complaint. So therefore, there wouldn't, that whatever order, judgment was entered in October was then superseded. That's not the way rule four works. Okay. So, so then the final judgment would have only been in March, but there was a judgment entered at the time. In the, in the docket sheet. The, the one thing I did want to address, though, all that says is that the motion to dismiss is granted. It doesn't, I mean. There was another piece of paper. This doesn't tell us the difference between dismissing the complaint and dismissing the case. There was another piece of paper. And the docket sheet. But nobody's given us. That's, that's correct, Your Honor. One of the things I wanted to address was Mr. Blonder's comment that he wasn't put on notice. In our memorandum in support of a motion dismissed, we said because the Girl Scouts does not receive federal funding as a whole, nor does plaintiff allege so in her complaint, plaintiff must identify a specific program or activity for which the Girl Scouts receives federal financial assistance from which she has been excluded or subjected to discrimination she fails to do so. Plaintiff does not allege in her complaint that the Girl Scouts fits into any of the other categories set forth in section 504B, nor could she, as courts have recognized that the Girl Scouts and similar organizations are private clubs. Then in her opposition brief, not her sir reply, she says, plaintiff has alleged and can establish that the defendant qualifies as a private organization which is principally engaged in the business of providing education and social services. Defendant is a program or activity receiving federal financial assistance because it is a private organization which is principally engaged in the business of providing education and social services. Defendant qualifies as a program or activity as it is a private organization subject to 29 U.S.C. 79.4b.3 that is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation. Defendant meets the requirements of a program or activity as defined in 29 U.S.C. 79.4b.3a, Romanette 2, because the organization is principally engaged in the business of providing education and social services. As a result, defendant falls within the statutory definition of a program or activity because it is principally engaged in the business of providing education and social services to its members. This was in their opposition brief. They knew exactly what they were going to do, what they needed to do, and they did not do it. Mr. Casey, are you contesting whether the Girl Scouts are actually primarily engaged in education, health, social services, and recreation programs? Yes. What do they do? They are a private organization that exists for the benefit of its members to build girls of courage, confidence, and There are educational components, there's social service components, there's all sorts of other components. There's group meetings, there's cookies, sales, there's lots of stuff, lots of stuff. So why aren't you guys kind of right down the middle of the strike zone of what that definition is aimed at? Everything perhaps except housing. Yes, yeah, that's, that is. There are tents. Yes. I don't think that tents can't qualify as housing. Temporary housing at least. Yes, your honor, I mean our position is that the purpose of this inclusion, the amendments to 504, were to. We don't start with the purpose of something. We start with its text. Right. And I share Judge Hamilton's question. Why aren't the Girl Scouts engaged in the business of providing education? We can even skip health care and housing, social services, we can skip parks, and then recreation. Because they are not. They seem to be, they seem to do all those things and be very proud of it. Why are you running from that? Well, I'm not running from it, but the language is principally engaged in the business and they are not principally engaged in the business of any one of those items. They are principally engaged and for the benefit of their members, which girls pay a fee, so it's not necessarily open to the public, and it's only girls that, to build girls of courage, confidence, and character. That's education. That's partly education, but it's partly other things as well. They have group meetings, they do merit badges, they do, and I'm, this is an educational experience. You can make anything an educational experience. No, I don't think so. Not Neiman Marcus. Well, maybe not, I guess, unless you're trying to budget, right? Not the sale of cookies, even, through other sorts of channels, but the way the Girl Scouts run it, it is an educational experience. It can be, but it could be also, it's all sorts of things, but it's not, we're not primarily a school. We don't have to give grades, we don't do what you would normally expect. Well, what do we make of, I mean, I what do we make of the way the Girl Scouts describe themselves for purposes of the United Way, and the combined federal campaign, and for federal tax exemption purposes? Yeah, there are, you have limited categories when you are, I mean, this isn't something you just kind of make up. There's not a special category for developing girls of courage. There you go. I mean, that's right, and so you, so you check what is something that we do. That's the way Congress writes statutes. That's why we do it. Thank you. Thank you, Mr. Casey. Mr. Blonder, we've given you a minute. Thank you. I want to go back to a question Judge Sykes asked, and I went back and looked in the record as we were going through, and our motion that was filed on November 21st, 2012, which we we asked for relief under Rule 15 and 5090. So we raised the Rule 15 issue below, and Judge Leina Weber in deciding not to. No, I get that. The question is whether that was a post-judgment motion or not. That's why we're focusing in on what that judgment was that was entered after the motion to dismiss was granted. So was there a separate piece of paper that actually said case closed? I recall seeing one, yes, which is why. It's not in your appendix. I don't know. I can't answer that. If that's true, then I'm really confused, but then we've just got a simple Bausch premature grant of final judgment in response to the first pleading. So that's correct, but that at least makes it a little easier to understand, but then I don't understand why it's not there, but I'll let it go for now. I note that my minute is up, so again, I ask that the Court reverse my amend and send us back for further proceedings. Thank you very much, counsel. The case is taken under advisement, and we'll go to our second case.